UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH MORGAN and
JAMES CHAPMAN,

    Plaintiffs,

v.                                                                                          Case No. 05-73583
                                                                                                                    Hon. Victoria A. Roberts

THOMAS WESTHOFF, JOSHUA MONTE
and CITY OF ROMULUS,

    Defendants.
_____

## ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE

**I.    INTRODUCTION**

    This matter is before the Court on Plaintiffs' Motion *in limine* regarding Defendants' proposed expert witnesses. For the following reasons, the Court **GRANTS** Plaintiffs' Motion, but for reasons other than as set forth by Plaintiff's in their Motion.

**II.    BACKGROUND**

    This action arises out of the arrest of Plaintiffs, Deborah Morgan ("Morgan") and James Chapman ("Chapman"). On April 19, 2003, Plaintiffs were arrested for alleged home invasion of 39185 Chase Road, in the City of Romulus.

    The underlying facts are sufficiently set forth in the Court's Order granting in part, and denying in part, Defendants' Motion for summary judgment entered August 18, 2006.

**III.    STANDARD OF REVIEW**

FRE 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court held that it is the trial judge's responsibility to ensure that expert testimony admitted pursuant to FRE 702 is relevant and reliable. See *Daubert v. Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579 (1993) and *Kumho Tire Co, Ltd v. Carmichael*, 526 U.S. 137, 141 (1999).

## IV.   APPLICABLE LAW AND ANALYSIS

Plaintiffs challenge the reliability of Defendants' experts Robert L. Parsons, Ph.D., and William J. Corbett opinions because they did not review the depositions of Warsop and Wiertella. Both opined that Defendants had probable cause.

Both Parsons and Corbett have now reviewed the depositions at issue and filed supplemental reports; their conclusions remain the same. [Response, Exhibit A and B].

Nonetheless, Defendants' experts are precluded from testifying that Defendants had probable cause to arrest Plaintiffs. "[D]istrict courts must act as 'gatekeepers' to protect juries from misleading or unreliable expert testimony" and therefore may act on their own initiative. *Deal v. Hamilton County Bd. Of Ed.*, 392 F.3d 840, 851 (6th Cir. 2004)(citing *Daubert*, 509 U.S. at 589.)

"Although an expert's opinion may embrace an ultimate issue to be decided by the trier of fact, Fed.R.Evid. 704(a), the issue embraced must be a factual one." *Berry*

*v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). "It is the responsibility of the court, not testifying witnesses, to define legal terms." *Id.* Expert testimony based on Defendants' experts understanding of probable cause would invade the province of the Court.

Expert testimony on the issue of the existence of probable cause was excluded in the Eighth Circuit case, *Estes v. Moore*, 993 F.2d 161 (8th Cir. 1993). The court upheld a district court ruling precluding an expert from testifying on the existence of probable cause. The court held "[w]hile the existence of probable cause is a mixed question of law and fact, the ultimate conclusion is a question of law...[t]he proposed testimony was, therefore, not opinion testimony but rather it was a statement of a legal conclusion. *Id.* at 163. See also *Stuart v. U.S.*, 23 F.3d 1483, 1487 (9th Cir. 1994)(ruling district court's preclusion of expert testimony on the existence of probable cause was not abuse of discretion because trier of fact was qualified to make the determination); *Hubbard v. Gross*, 2006 WL 1208078, *9 (6th Cir. 2006)(court upheld decision to preclude expert testimony on whether officers used reasonable force because it was "a legal conclusion and may confuse the trier of fact."); and *Berry*, 25 F.3d at 1353 (expert testimony on whether there was "deliberate indifference" invaded the province of the court).

Here, Defendants' experts both intend to testify that Defendants had probable cause to arrest Plaintiffs. Their testimony is: (1) a legal conclusion; (2) based on their own definition of probable cause which may not coincide with the Court's; and (3) is unnecessary because the trier of fact can make the determination.

For those reasons, it is precluded.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: August 18, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 18, 2006.**
>
> **S/Carol A. Pinegar**
> **Deputy Clerk**